IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIAN ILIC and TAMMY ILIC,<br><br>Plaintiff<br><br>vs.<br><br>HEARTLAND EXPRESS INC., HEARTLAND EXPRESS, INC., OF IOWA and MICHAEL VINCENT VEST,<br><br>Defendant. | CASE NO.: 8:26-cv-58<br><br>**COMPLAINT** |

COME NOW Plaintiffs, Brian Ilic and Tammy Ilic, by and through their counsel of record Frank Younes, of the firm High & Younes, and for their Complaint against Defendants, Heartland Express, Inc., (hereinafter "Heartland Express"), Heartland Express, Inc., of Iowa (hereinafter "Heartland Express Iowa"), and Michael Vincent Vest (hereinafter "Vest"), state and allege, as follows:

## PARTIES

1. Plaintiffs, Brian Ilic and Tami Ilic, are a married couple who at all relevant times subject to this matter resided and were domiciled in the State of Illinois.
2. Heartland Express is a Nevada Domestic Corporation with registered agent and registered office located at 335 W. 1st Street, Reno, Nevada 89503, and principal office located at 901 Heartland Way, North Liberty, Iowa.
3. Heartland Express Iowa is a subsidiary of Heartland Express.

1

4. Heartland Express Iowa is a Iowa Domestic Profit Corporation with registered agent, registered office, and principal office located at 901 Heartland Way, North Liberty, Iowa.

5. Vest is an individual who at the time of the incident subject to this matter was an employee/agent of Heartland Express Iowa with a place of residence and domicile in the State of Colorado.

## JURISDICTION AND VENUE

6. Plaintiffs incorporate as if fully restated herein paragraphs 1 through 5 of Plaintiffs' Complaint.

7. This law suit and Plaintiffs' causes of actions arise out of an October 17, 2024 collision between a semi-truck and trailer operated by Defendants and a vehicle operated by Plaintiff Brian Ilich on eastbound Interstate 80 near mile mark 361 in York County, Nebraska.

8. Jurisdiction is proper in the United States District Court for the District of Nebraska pursuant to 28 U.S. Code sec 1332(a), on the following basis:

    a. Diversity exists between the parties with Plaintiffs being citizens of the State of Illinois and Defendants being citizens of the States of Nevada, Iowa, and Colorado.

    b. Nebraska being where the herein causes of action arose, and

    c. the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## STATEMENT OF FACTS

9. Plaintiffs incorporate as if fully restated herein paragraphs 1 through 8 of Plaintiffs' Complaint.

10. At all times relevant herein Heartland Express Iowa was a wholly owned subsidiary of Heartland Express.

11. At all times relevant herein Heartland Express Iowa shared management or was managed by Heartland Express.

12. At all times relevant herein Heartland Express exercised control over Heartland Express Iowa.
13. At all times relevant herein Vest was an employee of Heartland Express Iowa.
14. At all times relevant herein Vest was an agent of Heartland Express Iowa.
15. At all times relevant herein Vest was a servant of Heartland Express Iowa.
16. At all times relevant herein Vest was a contractor of Heartland Express Iowa.
17. On October 17, 2024 Vest was operating a Heartland Express Iowa Freightliner Cascadia semi-truck and trailer ("semi") eastbound on Interstate 80 near miler marker 361 in York County, Nebraska when at approximately 2:16 p.m. Vest caused collisions between the semi he operated and Plaintiff Brian Ilic's vehicle, a Volkswagen Golf.
18. First, the semi struck the rear driver side of Plaintiff's vehicle. The semi then again struck and pushed Plaintiff Brian Ilic's vehicle into the median.
19. The collisions caused by Vest and the semi resulted in disabling damage to Plaintiff's vehicle.
20. The collisions proximately caused Plaintiff Brian Ilic to suffer injury.
21. The collisions proximately caused Plaintiff Brian Ilic to suffer permanent injury.
22. The collisions proximately caused Plaintiff Brian Ilic to suffer temporary disability.
23. The collisions proximately caused Plaintiff Brian Ilic to suffer permanent disability.
24. The collisions proximately caused Plaintiff Brian Ilic to require medical care, treatment, and services past, present and future.

25. The collisions proximately caused Plaintiff Brian Ilic to suffer lost wages, salary, profits, or the reasonable value of the working time due to his inability or diminished ability to work.
26. The collisions proximately caused Plaintiff Brian Ilic to suffer the loss of earning capacity he is reasonably certain to lose in the future
27. The collisions proximately caused Plaintiff Brian Ilic to incur costs of the reasonable value of the medical (, hospital, nursing, and similar) care and supplies reasonably needed by and actually provided to the plaintiff (and reasonably certain to be needed and provided in the future).
28. The collisions proximately caused Plaintiff Brian Ilic to experience past physical pain and mental suffering.
29. The collisions proximately caused Plaintiff Brian Ilic to experience physical pain and mental suffering that he is reasonably certain to experience in the future.
30. Plaintiff Brian Ilic's life expectancy is 78.32 years of age.
31. As a proximate cause of the collisions Plaintiff Tammy Ilic has suffered past, and is reasonably certain to suffer future, loss of consortium. Consortium means those things to which a person is entitled by reason of the marriage relationship. It Includes affection, love, companionship, comfort, assistance, services, moral support, and the enjoyment of (sexual, conjugal) relations.

### **CAUSE OF ACTION NO. 1 - NEGLIGENCE**

32. Plaintiffs incorporate as if fully restated herein paragraphs 1 through 32 of Plaintiffs' Complaint.
33. Vest owed a duty to Plaintiff and other drivers, such as Plaintiff, to not violate the right of way of other vehicles in adjacent lanes of traffic.
34. Vest owed a duty to Plaintiff and other drivers, such as Plaintiff, to keep a look out.

35. Vest owed a duty to Plaintiff and other drivers, such as Plaintiff, to maintain control over the semi.
36. Vest owed a duty to Plaintiff and other drivers, such as Plaintiff, not to speed.
37. Vest owed a duty to Plaintiff and other drivers, such as Plaintiff, not to drive in a reckless manner.
38. Vest owed a duty to Plaintiff and other drivers, such as Plaintiff, not to drive in a careless manner.
39. Vest owed a duty to Plaintiff and other drivers, such as Plaintiff, not to drive in an aggressive manner.
40. Vest owed a duty to Plaintiff and other drivers, such as Plaintiff, not to drive in an inattentive manner.
41. Vest owed a duty to Plaintiff and other drivers, such as Plaintiff, to pay attention to the roadway while operating a vehicle.
42. Vest owed a duty to Plaintiff and other drivers, such as Plaintiff, to scan the roadway.
43. Vest owed a duty to Plaintiff and other drivers, such as Plaintiff, not to collide with their vehicles.
44. Vest owed a duty to Plaintiff and other drivers, such as Plaintiff, not to cause a collision.
45. Vest owed a duty to Plaintiff and other drivers, such as Plaintiff, to protect them from the dangers posed by his vehicle.
46. Vest owed a duty to Plaintiff and other drivers, such as Plaintiff, to follow the rules of the road.
47. Vest owed a duty to Plaintiff and other drivers, such as Plaintiff, not to cause Plaintiff further injury after colliding with him once.
48. Vest owed a duty to Plaintiff and other drivers, such as Plaintiff, not to driver and act grossly negligent.
49. Vest breached the duty he owed to Plaintiff when he acted grossly negligent in his operation of his vehicle.
50. Vest breached the duty he owed to Plaintiff when he did not keep a look out.
51. Vest breached the duty he owed to Plaintiff when he failed to scan the road for Plaintiff's vehicle.
52. Vest breached the duty he owed to Plaintiff when he collided with Plaintiff's vehicle.

53. Vest breached the duty he owed to Plaintiff when he violated the rules of the road.
54. Vest breached the duty he owed to Plaintiff when he failed to pay attention.
55. Vest breached the duty he owed to Plaintiff by speeding.
56. Vest breached the duty he owed to Plaintiff by driving in a careless manner.
57. Vest breached the duty he owed to Plaintiff by driving in a reckless manner.
58. Vest breached the duty he owed to Plaintiff by driving in an aggressive manner.
59. Vest breached the duty he owed to Plaintiff by driving in an inattentive manner.
60. Vest breached the duty he owed to Plaintiff by failing to maintain control over the semi.
61. Vest breached the duty he owed to Plaintiff by colliding with Plaintiff's vehicle.
62. Vest breached the duty he owed to Plaintiff by colliding with Plaintiff's vehicle a second time.
63. As a result of Defendant's breach of the duties he owed to Plaintiff, Vest proximately caused damages to Plaintiff as set forth herein.
64. As a result of Defendant's breach of the duties he owed to Plaintiff, Vest directly caused damages to Plaintiff as set forth herein.
65. Plaintiffs suffered damages as set forth herein directly and proximately as a result of Defendant's breach of the duty owed to Plaintiff.
66. Vest acted negligently.
67. Vest acted grossly negligently.

## CAUSE OF ACTION NO. 2 – RESPONDEAT SUPERIOR / VICARIOUS LIABILITY

68. Plaintiffs incorporate as if fully restated herein paragraphs 1 through 68 of Plaintiffs' Complaint.
69. Upon information and belief, Vest was operating the semi as an employee, agent, and/or servant of Heartland Express and/or Heartland Express Iowa.

6

70. Upon information and belief, Vest was operating the semi for the benefit of Heartland Express and/or Heartland Express Iowa.
71. Upon information and belief, Vest was acting within the scope of his employment with Heartland Express and/or Heartland Express Iowa.
72. Heartland Express and/or Heartland Express Iowa's employee, agent, and/or servant owed Plaintiff a duty to maintain a proper lookout while operating the semi.
73. Heartland Express and/or Heartland Express Iowa's employee, agent, and/or servant owed Plaintiff a duty to keep Defendant's semi under reasonable control.
74. Heartland Express and/or Heartland Express Iowa's employee, agent, and/or servant owed Plaintiff a duty to operate Defendant's vehicle within the limits of his/her control.
75. Heartland Express and/or Heartland Express Iowa's employee, agent, and/or servant owed Plaintiff a duty to maintain a proper lookout when driving Defendant's semi while in the course of his employment.
76. Heartland Express and/or Heartland Express Iowa's employee, agent, and/or servant owed Plaintiff a duty to use due care when operating Defendant's semi.
77. Heartland Express and/or Heartland Express Iowa's employee, agent, and/or servant owed Plaintiff a duty to obey all rules of the roadway in the operation of Defendant's semi.

78. Heartland Express and/or Heartland Express Iowa's employee, agent, and/or servant breached his duty to Plaintiff in the following manner:
    a. Failing to maintain a proper lookout.
    b. Failing to control the semi.
    c. Failing to adhere to the rules of the road.
    d. Failing to yield the right of way.
    e. By failing to act as a reasonably careful driver in the same situation would have acted.
    f. By trying to merging lanes into another vehicle that was already occupying that space.
    g. By crashing into the side of the vehicle being operated by Plaintiff.
    h. By colliding with Plaintiff's vehicle for a second time.
    i. By driving aggressively.
    j. By driving inattentively.
    k. By driving negligently.
    l. By driving recklessly.
    m. By driving carelessly.
79. As a direct and proximate result of Heartland Express and/or Heartland Express Iowa's employee, agent, and/or servant's breach of duties, Defendant's employee, agent, and/or servant caused Plaintiffs to sustain serious and significant injuries.
80. Heartland Express and Heartland Express Iowa are vicariously liable for the negligence, carelessness, and recklessness of its employee, agent, and/or servant and is responsible for all injuries

and damages described more fully herein under the doctrine of *respondeat superior*.

**CAUSE OF ACTION NO. 3 – NEGLIGENT ENTRUSTMENT**

81. Plaintiffs incorporate as if fully restated herein paragraphs 1 through 81 of Plaintiffs' Complaint.
82. Heartland Express and Heartland Express Iowa owned the semi operated by Vest in the motor vehicle collision subject to this matter.
83. Heartland Express and Heartland Express Iowa expressly permitted Vest to operate the semi involved in the collision at the time of the collision subject to this action.
84. Heartland Express and Heartland Express Iowa impliedly permitted Vest to operate the semi involved in the collision at the time of the collision subject to this action.
85. Heartland Express and Heartland Express Iowa was negligent to permit Vest to drive the semi titled to and under the control of Heartland Express and Heartland Express Iowa.
86. Heartland Express and Heartland Express Iowa knew or should have known that Vest would operate the semi in such a manner as to create an unreasonable risk of harm to others.
87. Heartland Express and Heartland Express Iowa knew or should have known Vest to be an inexperienced driver.
88. Heartland Express and Heartland Express Iowa knew or should have known that Vest to be a reckless driver.
89. Heartland Express and Heartland Express Iowa knew or should have known that Vest to be an incompetent driver.
90. Heartland Express and Heartland Express Iowa knew or should have known that Vest to be incapable of properly operating a semi without endangering others.
91. That at the time of the herein collision Vest was exercising control over the semi.
92. At the time of the herein collision Heartland Express and Heartland Express Iowa had the authority to permit or prohibit Vest's use of the semi.

93. That as a result of Heartland Express and Heartland Express Iowa's entrustment to Vest and his colliding with Plaintiff, Heartland Express and Heartland Express Iowa proximately caused damages to Plaintiff as set forth herein.

## DAMAGES

94. Plaintiffs incorporate as if fully restated herein paragraphs 1 through 94 of Plaintiffs' Complaint.

95. Plaintiff Brian Ilic's claims for damages that are directly and proximately related to the actions or omissions of Defendants include, but are not limited to, the following:

    a. Past, present, and future Mental anguish;

    b. Past, present, and future physical pain and suffering;

    c. Past, present, and future mental and emotional pain and suffering;

    d. The Past, present, and future value of reasonable and necessary medical services, treatment, supplies, and medications required to treat his injuries;

    e. Temporary and permanent disability suffered;

    f. Loss of enjoyment of life;

    g. Past, present and future lost wages and loss of earning capacity;

    h. Property damage for the damage to his vehicle in an amount not less than $12,773.20..

    i. Punitive Damages;

    j. Attorneys' Fees; and

    k.  Court Costs.

96. Plaintiff Tammy Ilic asserts claims for damages that are directly and proximately related to the actions or omissions of Defendants to include, but not limited to, the following:

    a.  Loss of relationship, comfort, companionship and society of;

    b.  Loss of consortium;

    c.  Loss of services;

    d.  Loss of financial support;

    e.  Mental and Emotional Anguish;

    f.  Lost wages;

    g.  Punitive Damages;

    h.  Attorneys' Fees; and

    i.  Court Costs.

## JURY DEMAND

97. Plaintiffs demand a trial by jury.

WHEREFORE the Plaintiffs pray this Court to enter a Judgment in favor of Plaintiffs against Defendants in an amount to be proven at trial in excess of the $75,000.00 jurisdictional minimum to be determined at a later date in trial by jury in compensation for their special and general damages, court costs, attorneys' fees, and for such other and further relief as may be just and equitable under the circumstances.

BY: _____
Francis Younes, #24779
HIGH & YOUNES, LLC.
6919 Dodge Street
Omaha, Ne 68132
(402)933-3345 Telephone
(402)933-3020 Facsimile
frank@hyattorneys.com
*Attorneys for Plaintiff*